NATE A. GARHART (CA Bar No. 196872)
(nate@cobaltlaw.com)
VIJAY K. TOKE (CA Bar No. 215079)
(vijay@cobaltlaw.com)
AMANDA R. CONLEY (CA Bar No. 281270)
(amanda@cobaltlaw.com)

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401

Attorneys for Plaintiff
THE WAVE STUDIO, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Company,<br><br>        Plaintiff,<br><br>   v.<br><br>VISA INC., a Delaware Corporation, and DOES 1-100,<br><br>        Defendants. | Case No.: 3:15-CV-00239-JSC<br><br>**PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT** |

Plaintiff The Wave Studio, LLC submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1.   Jurisdiction and Service

The Complaint alleges a claim for relief under the copyright laws of the United States, Title 17 of the United States Code.  Therefore, this Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has personal jurisdiction over Defendant Visa, Inc. ("Visa") because Visa has its principal place of business in this District, has done and continues

to do business in this District, including but not limited to entering into contracts with entities in this District and offering their services throughout this District.

Since the filing of the complaint, the parties have been discussing an amicable resolution of this action.  However, because such discussions have not yet yielded any such resolution, Plaintiff served Visa with the complaint on April 3, 2015, with a stipulated deadline to answer of May 4, 2015.  The parties are also discussing a potential stipulation for a transfer to the Southern District of New York.  Therefore, Plaintiff respectfully requests that this Court continue the Case Management Conference currently scheduled for April 23, 2015, and all related deadlines for compliance with Federal Rules of Civil Procedure 16 and 26, Local Rule 16-9, and Judge Corley's Standing Orders, for 60 days.  This continuance will afford Visa the opportunity to file a responsive pleading and the parties the time to resolve issues of transfer and explore further settlement options.

If the court would prefer or otherwise requires that Plaintiff file a motion to continue the Case Management Conference of April 23, 2015 pursuant to Civil Local Rule 16-2, Plaintiff will do so upon the Court's request.

2. <u>Facts</u>

This action involves registered copyrights owned by Plaintiff for works of authorship, namely photographs.  Plaintiff has over 25 registrations with the U.S. Copyright Office covering over 2,000 photographs.  As described in further detail in the complaint, Plaintiff alleges that Defendant Visa has infringed Plaintiff's copyright rights by displaying numerous photographs belonging to Plaintiff without Plaintiff's authorization on websites owned or operated by Visa or on its behalf in the United States.

3. <u>Legal Issues</u>

Plaintiff believes that the issues in this case are fairly straightforward.  Based on its current understanding of the facts, Plaintiff believes the following legal issues will be presented in this case:

- Plaintiff's ownership of the copyright-protected works
- Whether Visa has infringed various copyright-protected works owned by Plaintiff
- Whether Visa had some other right or license to use the photographs at issue for the specific use by Visa

4.      Motions

Because Visa has only just been served with the complaint, Plaintiff cannot predict with any certainty all motion practice that will be necessary in this action. However, Plaintiff anticipates that if the parties cannot agree on a stipulated transfer of this action to the Southern District of New York, Visa will file a motion for such relief.

5.      Amendment of Pleadings

At this time, Plaintiff does not anticipate amending the pleadings, other than to name any Doe defendants and/or any additional infringed works identified through discovery.

6.      Evidence Preservation

Plaintiff has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any ongoing erasure of emails, voice mails and other electronically recorded materials.

7.      Disclosures

Because Visa has only just been served with the complaint, the parties have not engaged in a Rule 26(f) conference and have not had the opportunity to discuss the timing of initial disclosures.

8.      Discovery

Because Visa has only just been served with the complaint, the parties have not engaged in a Rule 26(f) conference and have not had the opportunity to discuss a discovery plan.

9.      Class Actions

This is not a class action.

10.     Related Cases

Plaintiff is involved in a number of copyright litigation matters pending in this District against various defendants:

1.  *The Wave Studio, LLC v. AOL Inc., et al.*
    3:15-cv-00814-SI

2.  *The Wave Studio, LLC v. United Airlines, Inc.*
    4:15-cv-00818-YGR

3.  *The Wave Studio, LLC v. Virgin America Inc., et al.*
    3:15-cv-00952-MMC

///

4. *The Wave Studio, LLC v. American Express Company*
3:15-cv-00354-WHA

5. *The Wave Studio, LLC v. Amadeus North America, Inc., et al.*
3:15-cv-01364-LB

6. *The Wave Studio, LLC v. British Airways PLC, et al.*
5:15-cv-01341-LHK

Each of the above actions involves the same body of photographic works covered by Plaintiff's copyright registrations, but they involved different parties who have each infringed various different (though sometimes overlapping) photographs covered by those registrations. Hence, Plaintiff views these cases as separate acts of infringement by various parties. Therefore, though the cases all involve the same copyright registrations, Plaintiff does not believe these cases qualify as "Related Cases" within the definition of Civil Local Rule 3-12.

In addition, Plaintiff is currently involved in another action, styled *The Wave Studio v. General Hotel Management, et al.*, S.D.N.Y. Case No. 7:13-cv-09239, currently pending in the Southern District of New York ("GHM Litigation"). Like the pending copyright actions in California, Plaintiff believes the GHM Litigation is a separate, non-related action because, while it involves the same copyright registrations at issue in the California cases, it involves infringements by wholly different, non-related entities, each of whom have infringed different copyright-registered photographs. However, Visa has represented that it received the infringing photographs from GHM and that this case is more properly venued in the Southern District of New York and subject to consolidation there. However, even if that were true, Plaintiff does not believe this fact, if proved, would render the GHM Litigation a Related Case under Civil Local Rule 3-12.

11. Relief

Plaintiff seeks both injunctive relief and damages. If available to it, Plaintiff reserves its rights to opt for statutory damages under the Copyright Act.

12. Settlement and ADR

The parties have discussed settlement but have not discussed ADR because Visa has only recently been served with the complaint.

///

4
PLAINTIFF THE WAVE STUDIO, LLC'S CASE MANAGEMENT STATEMENT

13.     Consent to Magistrate Judge for All Purposes

Plaintiff has consented to the Magistrate Judge assigned to this case for all purposes in this case.

14.     Other References

Because Visa has only just been served with the complaint, the parties have not discussed whether this action is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation. However, at this time Plaintiff does not believe this action is so suitable.

15.     Narrowing of Issues

Because Visa has only just been served with the complaint, the parties have not had the opportunity to discuss a narrowing of the issues in this case.

16.     Expedited Trial Procedure

Because Visa has only just been served with the complaint, the parties have not discussed whether this action is suitable for an expedited trial schedule. However, at this time Plaintiff does not believe this action is so suitable.

17.     Scheduling

Because Visa has only just been served with the complaint, Plaintiff does not believe discussing a schedule of deadlines is appropriate at this time.

18.     Trial

Because Visa has only just been served with the complaint, Plaintiff is not currently able to provide a meaningful estimate of time that will be required for trial of this matter.

19.     Disclosure of Non-party Interested Entities or Persons

Plaintiff has filed its "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-16. Because Visa has only just been served with the complaint, it has not yet done so.

/ / /

/ / /

1   20.     Professional Conduct

2   Nothing at this time.

3   21.     Other

4   None.

5   DATED: April 16, 2015                COBALT LLP

8                                        By:   /s/ Vijay K. Toke
                                               Vijay K. Toke

9                                        Attorneys for Plaintiff
                                         THE WAVE STUDIO, LLC

12                          CASE MANAGEMENT ORDER

13   Based on the CASE MANAGEMENT STATEMENT & PROPOSED ORDER filed by

14   Plaintiff on  April 16  , 2015, the Court hereby continues the Case Management

15   Conference for this case for 60 days until  June 25  , 2015 at  1:30  am/pm. All

16   related deadlines under Federal Rules of Civil Procedure 16 and 25 and applicable case

17   management and discovery local rules and standing orders shall be continued to accord with the

18   new conference date.

20   IT IS SO ORDERED.

21   Dated: April 17, 2015

23                                        _____
                                          Hon. Jacqueline Scott Corley

24                                        UNITED STATES MAGISTRATE JUDGE