Michael J. McCue (CA Bar No. 296425)
E-mail:mmccue@lrrlaw.com
Jonathan W. Fountain (*pro hac vice* pending)
E-mail:jfountain@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398

Attorneys for Defendant
VISA INC.

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE WAVE STUDIO, LLC, a New York Limited Liability Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>VISA INC., a Delaware corporation, and DOES 1-100,<br><br>        Defendants. | Case No.  3:15-cv-000239-JSC<br><br>Honorable Magistrate<br>Judge Jacqueline Scott Corley<br><br>**DEFENDANT VISA INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER OR TO STAY THIS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[28 U.S.C. § 1404(A)]**<br><br>Date:     June 25, 2015<br>Time:    9:00 a.m.<br>Location:  San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102<br><br>Date Action Filed:01/16/2015 |

DEFENDANT VISA INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER/STAY;
MEMO OF POINTS AND AUTHORITIES
CASE NO. 3:15-CV-000239

5877579_2

1

## <u>TABLE OF CONTENTS</u>

**Page**

Table Of Authorities ................................................................................................ ii

Memorandum Of Points And Authorities .................................................................... 2

Statement Of Issues ................................................................................................ 2

Statement Of Relevant Facts .................................................................................... 2

I.    The California Action ...................................................................................... 2

II    The New York Action ...................................................................................... 2

III.    The Mastercard Action .................................................................................. 4

IV.    The Hotel Photographs Came From GHM .......................................................... 5

Argument ............................................................................................................... 6

I.    This Action Should Be Transferred To New York Pursuant To
28 U.S.C. § 1404(A) ......................................................................................... 6

    A.    Choice Of Forum ................................................................................... 6

    B.    Convenience Of The Parties .................................................................... 8

    C.    Convenience Of The Witnesses ............................................................... 8

    D.    Ease Of Access To Evidence ................................................................... 9

    E.    Familiarity With Applicable Law .............................................................. 10

    F.    Feasibility Of Consolidation ................................................................... 10

    G.    Local Interest ....................................................................................... 11

    H.    Court Congestion ................................................................................. 11

II.    Alternatively, This Matter Should Be Stayed Pending Resolution Of Threshold
Issues Between Wave And GHM In New York ................................................... 12

Conclusion ............................................................................................................ 14

Certificate Of Service ............................................................................................. 15

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

5877579_2

# TABLE OF AUTHORITIES

## CASES

*A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*,
  503 F.2d 384 (9th Cir. 1974)................................................................................ 10

*Albertson v. Monumental Life Ins. Co.*,
  No. C–08–05441 RMW, 2009 WL 3870301 (N.D. Cal. Nov. 16, 2009) ................................... 6

*Bennett v. Bed Bath & Beyond, Inc.*,
  No. C 11–02220 CRB, 2011 WL 3022126 (N.D. Cal. July 22, 2011) ..................................... 10

*Brackett v. Hilton Hotels Corp.*,
  619 F. Supp. 2d 810 (N.D. Cal. 2008) ....................................................................... 8

*Cluck v. IKON Office Solutions, Inc.*,
  No. C 11–05027 JSW, 2012 WL 1610789 (N.D. Cal. May 8, 2012) ..................................... 7

*Decker Coal Co v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ............................................................................... 6

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*,
  618 F.3d 1153 (10th Cir. 2010).............................................................................. 8

*Glaxo Group Ltd. v. Genentech, Inc.*,
  No. C 10-11675 JSW, 2010 WL 1445666 (N.D. Cal. Apr. 12, 2010)...................................... 7

*In re Horseshoe Ent'mt*,
  337 F.3d 429 (5th Cir. 2003)................................................................................. 8

*Inherent.com v. Martindale–Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) ..................................................................... 7

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005)............................................................................... 12

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987)................................................................................. 7

*Regents of the Univ. of California v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997).............................................................................. 10

*Scocca v. Smith*,
  2012 U.S. Dist. LEXIS 18279 (N.D. Cal. Feb. 14, 2012) ................................................. 12

*Shelby v. Factory Five Racing, Inc.*,
  No. CV 08-7881 CAS (JTLx), 2009 WL 481555 (C.D. Cal. Feb. 23, 2009) ............................. 7

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

5877579_2

*Smith v. Aetna Life Ins. Co.*,
    No. C–11–2559 SI, 2011 WL 3904131 (N.D. Cal., Sept. 6, 2011) .......................................... 7

*Solomon v. Continental American*,
    472 F.2d 1043 (3d Cir. 1974) .............................................................................................. 8

*United States v. Coriarty*,
    No. 99 Cr. 1251, 2000 U.S. Dist. LEXIS 11040 (S.D.N.Y. Aug. 7, 2000) ............................. 10

*United States v. Martino*,
    No. 00 Cr. 389, 2000 U.S. Dist. LEXIS 17945 (S.D.N.Y. Dec. 14, 2000)................................ 9

*Van Dusen* v. *Barrack*,
    376 U.S. 612 (1964) ............................................................................................................ 6

*Vu v. Ortho-McNeil Pharm., Inc.*,
    602 F. Supp. 2d 1151 (N.D. Cal. 2009) ................................................................................ 6

*Wright v. Interbank Capital, Inc.*,
    No. 99-0091, 1999 WL 354516 (N.D. Cal. May 19, 1999) ..................................................... 7

**CODES**

28 U.S.C. § 1404(a) ........................................................................................................ 2, 6

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

iii

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE THAT on **June 25, 2015, at 9:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned counsel of record shall appear before the Honorable Jacqueline Scott Corley of the United States District Court for the Northern District of California, located at San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, and present Defendant Visa Inc.'s Motion to Transfer or to Stay This Action. The Motion shall be based on the accompanying points and authorities, the Declaration of Brian Mumby (the "Mumby Decl."), the Declaration of Jonathan W. Fountain (the "Fountain Decl."), the Declaration of Rebecca Contla (the "Contla Decl."), and such other information in the Court's record and as will be presented orally or in writing to the Court.

The interests of justice and convenience strongly favor transfer of this action to the United States District Court for the Southern District of New York because a case involving intertwining issues (the "New York Action") is already being litigated there. Even if the Court does not transfer this action, it should stay the proceedings pending resolution of the core contractual issues between The Wave Studio, LLC and New York defendant General Hotel Management Ltd. in the New York Action.

Respectfully submitted,

Dated:    May 18, 2015          LEWIS ROCA ROTHGERBER LLP

By: /s/ Michael J. McCue
    Michael J. McCue
    Jonathan W. Fountain (*pro hac vice* pending)
    3993 Howard Hughes Pkwy., Suite 600
    Las Vegas, NV 89169-5996
    (702) 949-8200 (tel.)
    (702) 949-8398 (fax)

    Attorneys for Defendant
    VISA INC., a Delaware corporation

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

1

5877579_2

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES

Pursuant to 28 U.S.C. § 1404(a), Visa Inc. ("Visa") hereby moves the Court for an order transferring this action to the United States District Court for the Southern District of New York, where there is currently pending another copyright action that is intertwined with the present case (the "New York Action"). Alternatively, Visa asks the Court to stay this action pending resolution of the critical issues in the New York Action, namely, whether General Hotel Management Ltd. ("GHM"), the defendant hotel management company who provided virtually all of the images at issue in this case and in the New York Action, had a license to do so from Plaintiff The Wave Studio LLC ("Wave") or otherwise had the legal right to do so.

## STATEMENT OF RELEVANT FACTS

### I.    The California Action

In this action (the "California Action"), Wave asserts copyright infringement claims against Visa based on use of certain hotel and resort photos on websites featuring the Visa Luxury Hotel Collection. (*See* Compl. ¶ 1) (Doc. No. 1.) The photos at issue feature the following hotel properties: The Setai Miami, The Chedi Muscat, The Chedi Club at Tanah Gajah,Ubud, The Chedi, Chiang Mai, The Leela Goa, The Nam Hai, and The Datai Langkawi (the "Hotel Photographs"). (Compl. ¶ 25.) Wave claims that Visa has infringed nine (9) copyright registrations : VA 1-432-325; VA 1-432-326; VA 1-432-328; VA 1-432-329; VA 1-432-331; VA 1-432-332; VA 1-758-524; VA 1-825-429; and VAu 1-055-458. (*Id.*) Wave attached to the Complaint screen captures of what it alleges are websites operated by Visa. (Compl. at Exhs. 2-3.)

### II.    The New York Action

On December 31, 2013, approximately one year before Wave filed the California Action, Wave filed a complaint for copyright infringement in the United States District Court for the Southern District of New York, styled *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.) (previously defined as the "New York Action").

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

2

In the New York Action, Wave asserted copyright infringement claims against GHM and fifty-eight (58) other defendants. (New York Complaint ("NY Compl."), Ex. A to Fountain Decl.). The California Action and the New York Action are substantially intertwined. All of the copyright registrations at issue in the California Action are also at issue in the New York Action. (*Compare* Compl. ¶ 25 *with* NY Compl. ¶¶ 100 and 117.) Of the forty-five (45) or so images at issue in the California Action, at least twenty-six (26) are at issue in the New York Action. (*See* Contla Decl. ¶¶ 7-8; Fountain Decl. ¶¶ 9-11.) Finally, the allegations in the complaints in the California Action are nearly identical to the allegations in the New York Action. For example, *compare* NY Compl. ¶¶ 1-3, 8, 94-95, 100, 114-117 *with* Compl. ¶¶ 1-3, 8, 12-14, 22-25.

These similarities between the actions are not coincidental. In this case, the Hotel Photographs at issue in this case are hotels managed by GHM. (*See* NY Compl. ¶ 9.) And as GHM explained in a letter to presiding judge in the New York Action, United States District Judge Cathy Seibel, GHM had a long-term relationship with photographer Junior Lee, the owner of Wave, to allow GHM to use Ms. Lee's photographs to promote GHM-managed hotels. (GHM Letter, Ex. B to Fountain Decl.)

In or around 2009, a dispute arose between GHM and Ms. Lee over unpaid invoices, resulting in litigation between GHM and Ms. Lee's Singapore company, Wave Studio PTE Ltd., in Singapore ("Wave Singapore"). (*Id.*) GHM claims that it settled the dispute with Wave Singapore company and paid for the right to use the photographs to promote GHM-managed hotels. (*Id.*)

GHM claims that, without its knowledge and despite the settlement, Ms. Lee quietly obtained copyright registrations for the photographs in the United States under a newly formed company, Wave, and that Wave proceeded to sue GHM for copyright infringement in the New York Action for its use of the same photographs. (*Id.*) The other fifty-eight (58) defendants that Wave sued in New York are also travel websites, and GHM provided the photographs to those defendants for use in website promotion of the GHM-managed hotels. (*See id.*)

Based on these facts, GHM asked District Judge Seibel to stay the New York Action as to

3

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

all defendants other than GHM, and allow GHM and Wave to litigate the threshold issue of whether GHM was licensed or otherwise authorized to use and distribute the photographs. (*Id.*) As GHM explained to District Judge Seibel, "a finding that GHM had the right to use and distribute the photographs would be case dispositive as to GHM and a vast majority of the Defendants." (*Id.*)

District Judge Seibel agreed. On July 3, 2014, District Judge Seibel entered an order ***staying the New York Action as to all defendants other than GHM*** so that Wave and GHM could litigate the threshold question of whether GHM had the right to use and distribute the hotel photos. (July 3, 2014 Order in New York Action, Ex. C to Fountain Decl.).

## III.    The MasterCard Action

On March 24, 2014, Wave filed a complaint against MasterCard for copyright infringement in this court, styled *The Wave Studio, LLC v. MasterCard International*, Inc. *et al.*, No. 3:14-cv-01342-RS (N.D. Cal.) (the "MasterCard Action"). Like the New York Action, in the MasterCard Action, Wave alleged that MasterCard infringed Wave's copyrights in various hotel photographs that were provided to the alleged infringers by GHM.

Not surprisingly, MasterCard moved to transfer the MasterCard Action to be consolidated with the already pending New York Action against GHM and the 58 other defendants. (MasterCard Action Docket, Ex. D to Fountain Decl.)

While MasterCard's motion to transfer was pending, Wave attempted to amend its complaint to add Visa as a party. (Mot. for Leave to Amend in MasterCard Action, Ex. E to Fountain Decl.) In support of its motion to amend, Wave represented that "***Visa has infringed many of the same copyrighted photographs [Wave] alleges were infringed by [MasterCard]***." (*Id.*) Wave also attached a proposed amended complaint naming Visa. (*See* Proposed Sec. Am. Compl. in MasterCard Action, Ex. F to Fountain Decl.) The proposed amended complaint alleges the same facts alleged in the California Action. (*See, e.g., Id.* at ¶ 13 (listing the same websites as in this case) and ¶ 18 (listing the same copyright registrations as those at issue in this case).)

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

However, before he ruled on Wave's motion to add Visa as a party, District Judge Seeborg transferred the MasterCard Action to the United States District Court for the Southern District of New York. (*See* Transfer Order in MasterCard Action, Ex. G to Fountain Decl.) *Specifically, District Judge Seeborg ordered the MasterCard Action transferred based on the close connection between the MasterCard Action and the New York Action.* (*Id.*) Importantly, District Judge Seeborg noted that, while Visa was not technically a party to the MasterCard Action, *"[e]ven if the Court were to consider Visa a party at this juncture, this would not meaningfully alter the Court's analysis or ruling*. It is not disputed that venue would be proper over Visa in either district, and Wave itself states that Visa's documents 'could be in various jurisdictions,' not exclusively this district." (*Id.*) (emphasis added).

Months after this Court transferred the MasterCard Action to New York, on January 16, 2015, Wave filed this action against Visa. *The Complaint that initiated this action is the proposed amended complaint that Wave sought to file in the MasterCard Action*. (*See* Proposed Sec. Am. Compl. in MasterCard Action, Ex. F to Fountain Decl.) Thus, despite Wave's knowledge that this Court already deemed this action closely connected to the New York Action and despite this Court's prior ruling that Visa's addition as a party would not have affected its decision to transfer the MasterCard Action, Wave decided to try this Court one more time by filing the current action.

## IV.    The Hotel Photographs Came From GHM

At least 91% of the Hotel Photographs that Wave claims that Visa infringed were provided by GHM to Kiwi Collection, Inc. ("Kiwi"), which operates the Visa Luxury Hotel Collection websites at issue in this case. (Mumby Decl. ¶¶ 2-7.) Indeed, Wave's own allegations support this fact. In the New York Action, Wave alleged that it *only* disseminated the Hotel Photographs to GHM. (NY Compl. ¶ 99.) Thus, Visa is in the same position as the fifty-eight (58) other defendants that Wave sued in the New York Action – their websites allegedly use photographs of GHM-managed hotels provided by GHM and Wave allegedly owns the copyrights in the photographs.

5

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

## ARGUMENT

**I.   THIS ACTION SHOULD BE TRANSFERRED TO NEW YORK PURSUANT TO 28 U.S.C. § 1404(a).**

The transfer statute authorizes this Court to transfer this action to the United States District Court for the Southern District of New York for the convenience of the parties and witnesses and in the interest of justice.  28 U.S.C. § 1404(a).  The purpose of the transfer statute is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen* v. *Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted).  Section 1404(a) limits transfer to those courts where the action may have been brought originally.  *Albertson v. Monumental Life Ins. Co.*, No. C–08–05441 RMW, 2009 WL 3870301, at *2 (N.D. Cal. Nov. 16, 2009).  This case could have been brought in New York because, among other things, Visa has an office in New York and conducts business in New York.

Courts in this district have focused on the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: "(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum."  *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

Analysis of these factors overwhelmingly supports transfer to New York.  Indeed, District Judge Seeborg transferred the MasterCard Action to New York, and made findings addressing the factors applicable here.

### A.  Choice of Forum

Ordinarily, a plaintiff's choice of forum is afforded considerable deference.  *Decker Coal Co v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986).  Such deference is "substantially reduced," however, "when plaintiff's choice is not its residence or where the

6

LEWIS ROCA
ROTHGERBER

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

forum lacks a significant connection to the activities alleged in the complaint." *Inherent.com v. Martindale–Hubbell,* 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (noting that plaintiff's forum choice receives "minimal consideration" where "operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter").   Moreover, when a plaintiff has filed a nearly identical case in another jurisdiction, his second choice of forum is entitled to ***no deference***.   *See, e.g., Glaxo Group Ltd. v. Genentech, Inc.*, No. C 10-11675 JSW, 2010 WL 1445666, at *4 (N.D. Cal. Apr. 12, 2010) ("a plaintiff's second choice of forum is also entitled to less deference") (citing *Wright v. Interbank Capital, Inc.*, No. 99-0091, 1999 WL 354516, at *4-5 (N.D. Cal. May 19, 1999)); *Cluck v. IKON Office Solutions, Inc.*, No. C 11–05027 JSW, 2012 WL 1610789, at *2 (N.D. Cal. May 8, 2012) ("a plaintiff's choice of forum is not conclusive when a previously filed lawsuit involving the same or similar issues has been proceeding in another forum"); *Shelby v. Factory Five Racing, Inc.*, No. CV 08-7881 CAS (JTLx), 2009 WL 481555, at *4 (C.D. Cal. Feb. 23, 2009) (transferring matter from plaintiff's forum of choice to another district where action dealt with similar parties and issues and was first filed there).

Here, Wave's principal place of business is in New York. (Compl. ¶ 8)  Ms. Lee, Wave's principal, resides in Singapore.  (*Id.*)  None of the Hotel Photographs at issue are alleged to have been taken in California.  (*Id.* ¶ 11).  Indeed, the Hotel Photographs depict properties in Miami, Florida, and in foreign countries.  Wave has not alleged any contacts or other connections that form a nexus between the activities alleged in the Complaint and the State of California.  Indeed, as noted above, this forum is Wave's second choice because Wave already filed the New York Action based on the same images and core issues.  Indeed, it appears that the *only* reason Wave filed this action in this judicial district rather than as part of the New York Action is because its counsel is located in San Francisco.  But as the Court is well aware, the location of the parties' counsel does not factor into the transfer analysis.  "The convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a)." *Smith v. Aetna Life Ins. Co.*, No. C–11–2559 SI, 2011 WL 3904131, at *2 (N.D. Cal., Sept. 6, 2011)

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

DEFENDANT VISA INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER/STAY
CASE NO. 3:15-CV-000239
5877579_2

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

1    (citing *In re Horseshoe Ent'mt*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of

2    counsel' is irrelevant and improper for consideration in determining the question of the transfer

3    of venue."); *Solomon v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1974) ("The

4    convenience of counsel is not a factor to be considered.")).

5        Wave's choice of forum is entitled to no deference because California is not Wave's

6    home and because Wave already filed an identical case in New York.

7    **B.  Convenience of the Parties**

8        As District Judge Seeborg held in transferring the MasterCard Action to New York, the

9    convenience factor favors transfer to New York because "New York is Wave's home forum, and

10   its chosen location for a strikingly similar case against 59 other defendants."  (Transfer Order in

11   MasterCard Action, Ex. G to Fountain Decl.)    Wave thus cannot contest that New York is a

12   convenient forum, and by filing this Motion, Visa is agreeing to that venue.  Accordingly, Wave

13   cannot credibly argue that it would be inconvenient to transfer this action to New York, and the

14   convenience of the parties factor strongly favors transfer.

15   **C.  Convenience of the Witnesses**

16       "The convenience of witnesses is the most important factor in deciding a motion under §

17   1404(a)."  *See, e.g., Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th

18   Cir. 2010) (citations omitted).  As the moving party, defendants "must identify witnesses, state

19   their location, and describe their testimony and its relevance" in order to prevail on this factor.

20   *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 815-16 (N.D. Cal. 2008).

21       Here, Kiwi's President, Brian Mumby, would be a potential witness for Visa.   Mr.

22   Mumby is expected to testify with respect to the relationship between Kiwi and Visa, Kiwi's

23   receipt of the Hotel Photographs from GHM, and Kiwi's use of the Hotel Photographs on Visa's

24   behalf to promote hotels located in Miami and Southeast Asia for, among others, Visa card

25   members.  (Mumby Decl. ¶¶ 2-7.)  Kiwi is located in Vancouver, British Columbia, Canada.  (*Id.*

26   ¶ 2.)  That is where Mr. Mumby lives and works.  (*Id.*)  However, Mr. Mumby is willing to travel

27   to New York, if needed, in connection with this case.  (*Id.*)

28                                                          8

1    Wave's principal, Ms. Lee, resides in Singapore, not California.  (Compl. ¶ 8.)  And

2    while travel from Singapore to California is shorter than travel to New York, given that Ms. Lee

3    is already litigating a virtually identical case in New York and her company has its principal

4    place of business in New York, travel to New York should be more convenient for her than travel

5    to California.

6    Since GHM is a party to the New York Action, but not a party to the California Action, it

7    is unclear whether Visa could compel GHM to travel to California in connection with this action

8    or whether it would be convenient for GHM to do so.  However as a party to the New York

9    Action, New York would be a convenient forum for GHM.

10    Furthermore, in ordering transfer in the MasterCard Action to New York, District Judge

11    Seeborg noted that *Wave was unable to name any witnesses in California*, but rather, named only

12    persons located in Singapore or Thailand.  (Transfer Order in MasterCard Action, Ex. G to

13    Fountain Decl.)  Given the overlap between this case and the New York Action, those same

14    witnesses would likely be witnesses in this case.  Thus, transferring this action to New York

15    would require less travel overall as it would reduce the need for multiple international trips by

16    both witnesses and Ms. Lee.

17    Accordingly, the convenience of the witnesses factor strongly favors transfer to New

18    York.

19    **D.  Ease of Access to Evidence**

20    Wave will likely argue that, because Visa maintains a principal place of business in

21    California, access to evidence against Visa for copyright infringement is more readily available

22    in California than in New York.  However, since the websites at issue are operated by Kiwi

23    Collection, which is located in Vancouver, there is no indication that any substantial evidence

24    would be present in California.  Moreover, it is well settled that, "given the conveniences of

25    modern transportation and communication," *United States v. Martino*, No. 00 Cr. 389, 2000 U.S.

26    Dist. LEXIS 17945, at *17-18 (S.D.N.Y. Dec. 14, 2000), the "location of relevant documents is

27    of little consequence one way or the other."  *United States v. Coriarty*, No. 99 Cr. 1251, 2000

28

9

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

1    U.S. Dist. LEXIS 11040, at *3 (S.D.N.Y. Aug. 7, 2000).  Indeed, as District Judge Seeborg aptly

2    recognized, GHM and Wave have already began discovery in New York and "[e]ven if GHM

3    played no role in defendants' acquisition of the hotel photographs, at least some evidence

4    relevant to the New York case is necessarily of import in this action as well—the copyright status

5    of the photographs, and the chain of the photographs' dissemination among the myriad New

6    York defendants."  (Transfer Order in MasterCard Action, Ex. G to Fountain Decl.)

7            Accordingly, this factor also strongly favors transfer to New York.

8        **E.  Familiarity With Applicable Law**

9            This element is neutral as both courts are equally equipped to address federal copyright

10   claims.

11       **F.  Feasibility of Consolidation**

12           If transfer to New York is granted, Visa will seek consolidation with the New York

13   Action.  The federal courts' interest in judicial economy is sufficient in and of itself to warrant

14   transfer "regardless of the other factors."  *Bennett v. Bed Bath & Beyond, Inc.*, No. C 11–02220

15   CRB, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011); *Regents of the Univ. of California v.*

16   *Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) ("Consideration of the interest of justice,

17   which includes judicial economy, may be determinative to a particular transfer motion, even if the

18   convenience of the parties and witnesses might call for a different result.").  After all, where the

19   transferee judge is familiar with the facts and legal issues, judicial economy favors transfer.

20   "[T]he pendency of an action in another district is important because of the positive effects it

21   might have in possible consolidation of discovery and convenience to witnesses and parties."  *A.J.*

22   *Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974).

23           Here, transfer will greatly further judicial economy and, perhaps most importantly, avoid

24   the danger of inconsistent judgments.  The District Judge in the New York Action, District Judge

25   Cathy Seibel, is already intimately familiar with the facts.  More importantly, transfer will avoid

26   the possibility and danger of inconsistent judgments against Visa.  This is precisely why District

27   Judge Seibel stayed the New York Action as to all defendants except GHM in order for GHM and

28

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

10

Wave to litigate threshold issues regarding whether GHM had the right to use and distribute the Hotel Photographs. ***That issue is also a threshold issue that must be litigated in this case***. Indeed, if transfer is not granted, Visa will likely have no choice but to join GHM -- if possible -- in this case since GHM provided the Hotel Photographs to Kiwi.

Recognizing the substantial benefits in judicial economy, District Judge Seeborg transferred the MasterCard Action to New York, noting that "[a]t the very least, transfer will mitigate duplicative discovery and conserve judicial efforts, factors other district courts have emphasized in granting motions to transfer copyright infringement cases." (Transfer Order in MasterCard Action, Ex. G to Fountain Decl.)  The same arguments for transfer apply just as strongly in this case.

Accordingly, this factor overwhelmingly favors transfer to New York and, as stated above, is itself sufficient to warrant transfer.

### G.  Local Interest

There are no local interests that would preclude transfer of this case to New York.  While Visa maintains a place of business in California, Visa is a large multi-national corporation that does substantial business in New York.  *See* http://usa.visa.com/careers/why-visa/global-offices.jsp (listing locations of Visa's global offices, including New York).  District Judge Seeborg was correct in finding that "the issues at the heart of this dispute [are] whether Wave has a valid copyright over the photos and whether the defendants violated such copyright" and evidence relevant those issues can be found in New York, as well as in California.  (Transfer Order in MasterCard Action, Ex. G to Fountain Decl.)

Accordingly, this factor strongly favors transfer to New York.

### H.  Court Congestion

According to the Federal Judicial Caseload Statistics, the median time interval in months between filing and disposition is the same between the Southern District of New York and the

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

1    Northern District of California: 8.1 months.[1]  Nonetheless, this factor favors transfer to New

2    York where the New York Action has been pending and has progressed.

3    **II.    ALTERNATIVELY, THIS MATTER SHOULD BE STAYED PENDING**
     **RESOLUTION OF THRESHOLD ISSUES BETWEEN WAVE AND GHM IN**
4    **NEW YORK.**

5            Alternatively, even if the Court retains venue, this matter should be stayed until GHM and

6    Wave can litigate their dispute over the dispositive issue of whether GHM was authorized to use

7    and distribute the Hotel Photographs – a threshold issue presently being considered in the New

8    York Action.

9            This Court "has discretion in determining whether a stay is proper in light of proceedings

10   in another case." *Scocca v. Smith*, 2012 U.S. Dist. LEXIS 18279, *1 (N.D. Cal. Feb. 14, 2012).

11   The Court must weigh competing interests such as "the possible damage which may result from

12   the granting of a stay, the hardship or inequity which a party may suffer in being required to go

13   forward, and the orderly course of justice measured in terms of the simplifying or complicating of

14   issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v.*

15   *Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

16           All of these factors weigh in favor of staying this case.

17           First, absent a stay Visa will suffer significant hardship.  This action will cause Visa to

18   incur significant defense costs that would not be incurred if the claims against Visa had been

19   brought as part of the New York Action, and Visa was stayed pending resolution of the

20   dispositive GHM question, along with the other defendants.  Moreover, given the overlapping

21   hotels, copyright registrations, images, and legal claims in the two actions, there would be

22   substantial prejudice to Visa in light of possibility conflicting orders and judgments.  Conversely,

23   Wave would suffer no hardship because it would be able to continue pursuing its claims against

24   Visa (as well as its claims against the other similarly situated defendants) in the New York

25   Action.

26

27   [1]    *See*    http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2014.aspx (Table C-5.)

28   12

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

1    Staying this action would also substantially simplify the issues to be litigated here.    As

2  noted in the New York Action, the Hotel Photographs were not disseminated to anyone other

3  than GHM.  (NY Compl. ¶ 99).  Thus, just like the other defendants in the New York Action,

4  Visa could not have come into possession of the Hotel Photographs unless they were provided to

5  Visa, directly or indirectly, by GHM.  The issue currently being litigated in the New York Action

6  is whether GHM had the right to use and distribute the Hotel Photographs.  If GHM did have that

7  right, then Kiwi would have lawfully received the Hotel Photographs from GHM.  Leaving the

8  same legal issue to be addressed in two cases is inefficient and a  waste of judicial, witness, and

9  party resources.

10    District Judge Seeborg astutely recognized the substantial gains in judicial economy to be

11  had when he transferred the MasterCard Action to New York, stating: "the risk of inconsistent

12  judgments and inefficiency implicated by keeping this action before this Court would undermine

13  the spirit animating this factor—to promote judicial economy and effective dispute resolution."

14  (Transfer Order in MasterCard Action, Ex. G to Fountain Decl.)

15    Accordingly, if the Court is unwilling to transfer this case, it should at least stay this case

16  pending the resolution of the threshold issues being litigated by GHM and Wave in the New

17  York Action.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

13

1

## CONCLUSION

2    For the foregoing reasons, and for the convenience of the witnesses, parties, and in the

3    interests of justice, Visa requests that the case be transferred to the United States District Court

4    for the Southern District of New York.    Alternatively, Visa requests that the case be stayed

5    pending resolution of the threshold issues being litigated by GHM and Wave in the New York

6    Action.

7    A proposed order is attached hereto.

8                                   Respectfully submitted,

9    Dated: May 18, 2015           LEWIS ROCA ROTHGERBER LLP

10                                  By: /s/ Michael J. McCue
11                                      Michael J. McCue
                                        Jonathan W. Fountain (*pro hac vice* pending)
12                                      3993 Howard Hughes Pkwy., Suite 600
                                        Las Vegas, NV 89169-5996
13                                      (702) 949-8200 (tel.)
                                        (702) 949-8398 (fax)

14
                                        Attorneys for Defendant
15                                      VISA INC., a Delaware corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

*3993 Howard Hughes Pkwy, Suite 600*
*Las Vegas, NV 89169-5996*

**LEWIS ROCA ROTHGERBER**

5877579_2

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2015, I caused a true and accurate copy of the foregoing document entitled, DEFENDANT VISA INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER OR TO STAY THIS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN MUMBY (Exhibit A); DECLARATION OF JONATHAN W. FOUNTAIN (Exhibits A-G); DECLARATION OF REBECCA J. CONTLA to be filed with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of the same to the following counsel of record:

Nate A. Garhart
Vijay K. Toke
Amanda R. Conley
COBALT LLP
918 Parker St., Bldg. A21
Berkeley, California 94710

Attorneys for Plaintiff
The Wave Studio, LLC

Dated: this 18th day of May, 2015.

/s/ Rebecca J. Contla
An Employee of Lewis Roca Rothgerber LLP

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

15

DEFENDANT VISA INC.'S NOTICE OF MOTION
AND MOTION TO TRANSFER/STAY
CASE NO. 3:15-CV-000239
5877579_2